IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL HANSMEIER
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072,

　　　Plaintiff,

v.

WILLIAM P. BARR, in his official
capacity as Attorney General of the
United States of America,
950 Pennsylvania Avenue, NW
Washington, DC 20530,

　　　Defendant.

Case: 1:20-cv-01410
Assigned To : Unassigned
Assign. Date : 5/26/2020
Description: PRO SE GEN CIV (F-DECK)

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

For his complaint against Defendant, Plaintiff states and alleges as follows:

[Intentionally left blank]

-1-

I. Introduction.

1. Plaintiff Paul Hansmeier seeks to enforce copyrights via the method used by the plaintiff in Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994).

2. Hansmeier cannot do so, however, without facing a credible risk of criminal prosecution.

3. In this action for declaratory and injunctive relief, Hansmeier respectfully requests that the Court enjoin Defendant from pursuing Hansmeier and those assisting him for fraud or extortion for enforcing copyrights via the Olan Mills method.

II. Parties.

4. Plaintiff Paul Hansmeier is a citizen of the United States and is an inmate at the Sandstone FCI in Sandstone, Minnesota. Hansmeier requests that this complaint be afforded the liberal construction given to complaints filed by pro se prisoners.

5. Defendant William P. Barr is the Attorney General of the United States and is sued in his official capacity. The Attorney General oversees the enforcement of federal criminal statutes. As the head of the Department of Justice, he supervises its officers and employees.

III. Jurisdiction and Venue.

6. This action arises under the U.S. Constitution, including the petitioning and speech clauses of the First Amendment and the Due Process clause of the Fifth Amendment.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court may award Hansmeier declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and this Court's inherent equitable jurisdiction.

8. Venue is proper in the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e). Defendant, who is sued in his official capacity, resides in this judicial district. This action challenges the constitutionality of a statute that applies in this judicial district.

## IV. FACTS.

9. Hansmeier seeks to enforce copyrights via the Olan Mills method. He will:

   (a) retain an investigator to make his copyrighted works available to suspected infringers via notorious digital piracy websites;

   (b) file a complaint in the form of Exhibit A hereto against users who copy the work from the investigator's computer; and

   (c) attempt to settle the claims or, if neccessary and appropriate, pursue a judgment against the infringers.

10. Hansmeier faces a credible risk of criminal prosecution if he enforces copyrights via the Olan Mills method.

11. In late-2016, Defendant charged Hansmeier with mail and wire fraud based on allegations that Hansmeier used the Olan Mills method to enforce copyrights, but but concealed his use of the Olan Mills method and his involvement in the copyright enforcement actions.

12. In addition, Defendant alleged that related claims that Hansmeier brought pursuant to the Computer Fraud and Abuse Act ("CFAA") were "entirely invented" claims of hacking into computers that did not exist.

13. The allegations in the indictment are publicly available on the docket of Hansmeier's criminal case, which can be viewed at 16-cr-334 (D. Minn).

14. Hansmeier's challenge to the legal sufficiency of the indictment is pending before the U.S. Court of Appeals for the Eighth Circuit. In his appellate response brief, Defendant indicated his position that Hansmeier's use of the Olan Mills method to enforce copyrights also constitutes extortion. Defendant's response brief is publicly available at United States v. Hansmeier, No. 19-2386 (8th Cir.).

15. In his anticipated cases, Hansmeier will proactively address many of Defendant's allegations of wrongdoing. Specifically, as the form of complaint attached hereto as Exhibit A demonstrates, in his anticipated cases Hansmeier will be the named plaintiff and the complaints will detail Hansmeier's use of the Olan Mills copyright enforcement method.

16. As for Hansmeier's CFAA claim, Hansmeier's complaints will be accompanied by an excerpt of the computer log which forms the basis for Hansmeier's CFAA claim.

17. These features of Hansmeier's form of complaint will eliminate any basis for Defendant to claim that Hansmeier is concealing his involvement with the cases or his use of the Olan Mills copyright enforcement method or that Hansmeier's CFAA claim is based on allegations of tresspass onto computers that do not exist.

18. Hansmeier's anticipated cases will not completely eliminate Defendant's problems with Hansmeier's copyright enforcement methods. Critically, Hansmeier's cases will continue to involve the use of the Olan Mills copyright enforcement method.

19. Because his anticipated cases will involve the Olan Mills copyright enforcement method, Hansmeier faces a credible risk of criminal prosecution for fraud and extortion in connection with bringing his copyright enforcement cases.

20. Hansmeier's position in this case is that the Constitution does not permit Defendant to use the fraud and extortion statutes to chill Hansmeier's anticipated claims. Rather, if Defendant disapproves of Hansmeier's anticipated claims, then he is entitled to seek court permission to intervene in Hansmeier's cases to present the United States' interests — whatever they may be.

21. In summary, then, Hansmeier seeks to bring claims for copyright infringement and violations of the CFAA.

22. Hansmeier has previously been prosecuted for bringing such claims under comparable circumstances.

23. Hansmeier cannot bring his claims without facing a credible risk of criminal prosecution for mail fraud, wire fraud and extortion.

24. Hansmeier cannot retain or consult with legal advisors about his anticipated claims without facing a credible risk of criminal prosecution.

25. Hansmeier cannot retain or consult with investigators about his anticipated claims without facing a credible risk of criminal prosecution.

26. Hansmeier cannot communicate with defendants or attempt to settle his claims for copyright infringement and violations of the CFAA without facing a credible risk of criminal prosecution.

## CLAIMS FOR RELIEF

## V. FIRST CAUSE OF ACTION - RIGHT TO PETITION (AS APPLIED)

27. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

28. The Petition Clause of the First Amendment provides that "Congress shall make no law abridging the right of the people ... to petition the Government for a redress of grievances." U.S. Const., amend. I.

29. Defendant's application of the mail fraud, wire fraud and extortion statutes[1] to Hansmeier's anticipated copyright enforcement claims (the "Claims") impermissibly interferes with and prohibits the speech necessary to access the courts in order to enforce rights granted by the Copyright Act (17 U.S.C. § 101 et seq.) and the Computer Fraud

---

[1] 18 U.S.C. §§ 1341, 1343 and 1951, respectively.

-6-

and Abuse Act (18 U.S.C. § 1030).

30. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims is not justified by a legitimate, compelling, or overriding government interest.

31. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims is not narrowly tailored to achieve such legitimate, compelling or overriding government interest.

32. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims violates the Petition Clause of the First Amendment.

33. Defendant's violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## VI. SECOND CAUSE OF ACTION - FREEDOM OF SPEECH (AS APPLIED)

34. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

35. The Free Speech Clause of the First Amendment to the U.S. Constitution provides: "Congress shall make no law, abridging the freedom of speech ...."

36. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims prevents speech and expressive activity necessary to consult with investigators and legal counsel, and to settle claims.

-7-

37. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims is not narrowly tailored to any legitimate, compelling or overriding government interest.

38. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims is not narrowly tailored to achieve any such legitimate, compelling or overriding government interest.

39. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims violates the Speech Clause of the First Amendment.

40. Defendant's violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## VII. THIRD CAUSE OF ACTION - VOID FOR VAGUENESS (AS APPLIED)

41. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

42. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that "No person shall ... be deprived of life, liberty or property without due process of law."

43. The mail fraud, wire fraud and extortion statutes, as applied to the Claims, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited.

-8-

44. The vagueness of the mail fraud, wire fraud and extortion statutes, as applied to the Claims, chills and deters speech, expressive and petitioning activity protected by the First Amendment.

45. The mail fraud, wire fraud and extortion statutes violate the Due Process Clause of the Fifth Amendment as applied to Hansmeier's Claims.

46. Defendant's violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## VIII. FOURTH CAUSE OF ACTION — SEPARATION OF POWERS (AS APPLIED)

47. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

48. Article I Section 1 of the U.S. Constitution vests the legislative power in Congress. The legislative power is the power to make the law. Congress exercised this power by creating the Copyright Act and the CFAA.

49. Article III Section 1 of the U.S. Constitution vests the judicial power in the Supreme Court and the lower courts created by Congress. The judicial power is the power to say what the law is. The judiciary has exercised this power by interpreting the Copyright Act and the CFAA.

50. Article I Section 8 of the U.S. Constitution vests Congress with the power "to promote the ... useful Arts...." Congress has exercised this power by creating the

-9-

Copyright Act.

51. Defendant is using the mail fraud, wire fraud and extortion statutes to impose (through actual and threatened prosecution of Hansmeier) substantive requirements for copyright infringement and CFAA claims that are not based in the texts of the statutes or judicial interpretations thereof.

52. Defendant's use of the mail fraud, wire fraud and extortion statutes in this manner unconstitutionally intrudes upon Congress' powers to make the law and promote the useful arts and the judiciary's power to interpret the law.

53. Defendant's violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

Hansmeier respectfully requests a judgment:

1. Declaring that the mail fraud, wire fraud and extortion statutes, as applied to Hansmeier's anticipated copyright enforcement litigation, violates:

   a. the Petition Clause of the First Amendment to the U.S. Constitution;
   b. the Free Speech Clause of the First Amendment to the U.S. Constitution;
   c. the Due Process Clause of the Fifth Amendment to the U.S. Constitution; and
   d. the balance of powers created by the U.S. Constitution.

2. Permanently enjoining the Defendant Attorney General, as well as his officers, agents, employees, attorneys, and all other persons in active concert or participation with him, from enforcing or threatening to enforce the mail fraud, wire fraud or extortion statutes against Hansmeier or anyone assisting him in his copyright enforcement litigation.

3. Awarding Hansmeier's attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2142.

4. Awarding such other and further relief as this Court deems just and proper.

Dated:

*/s/ Paul Hansmeier*

Paul Hansmeier
Reg. No. 20953-041  Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072