UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL HANSMEIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM P. BARR, )<br>)<br>Defendant. ) | Civil Action No.  20-1410 (UNA) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted ).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a federal prisoner incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. He wants to sue individuals for copyright infringement but allegedly "faces a credible risk of criminal prosecution for fraud and extortion in connection with bringing his copyright enforcement cases." Compl. ¶ 19. Apparently, this would add to Plaintiff's indictment in "late-2016" for mail and wire fraud based on similar "enforcement" conduct, *id*. ¶ 11, which he moved unsuccessfully to dismiss. *See United States v. Hansmeier*, No. 16-cr-00334, 2017 WL 3971874, at *1 (D. Minn. Sept. 8, 2017) ("The Indictment in this criminal case against Defendant Paul R. Hansmeier charges him in 18

counts, including one count of conspiracy to commit mail fraud and wire fraud, five counts of mail fraud, ten counts of wire fraud, one count of conspiracy to commit money laundering, and one count of conspiracy to commit and suborn perjury.").

Plaintiff wants this Court to "enjoin" U.S. Attorney General William Barr "from pursuing [Plaintiff] and those assisting him for fraud or extortion for enforcing copyrights via the *Olan Mills* method." Compl. ¶ 3 (citing *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1347-48 (8th Cir. 1994) (upholding investigative scheme of copyright holder that merely provided the suspected infringer "an opportunity to infringe upon four clearly marked copyrights")). The Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"). Therefore, Plaintiff has stated no plausible claim to relief. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
JAMES E. BOASBERG
United States District Judge

DATE: July 16, 2020